## No. 11,080.

### THE STATE OF LOUISIANA VS. LEWIS CHAMBERS ET ALS.

Statements of the accused when made to the trial judge freely and voluntarily are admissible in evidence.

When three parties are indicted and two of them have been arrested and tried, a verdict of guilty has reference only to the two on trial. It was not necessary for the jury when returning the verdict to refer to the two defendants on trial as the parties to be affected by the verdict.

Any fact or circumstance is admissible in evidence to identify the accused. It is no objection to it that it is remote. The objection goes to the effect of the evidence.

After the discovery of the prejudice alleged to exist against a defendant, it is his duty to apply as soon as practicable for a change of venue, either in chambers or open court. If several months elapse after the discovery is made it is too late to apply for a change of venue in open court, when the defendant had the opportunity of applying to the judge in chambers. In reorganizing the judicial districts throughout the State, there was no necessity for an enabling act, conferring jurisdiction on the district courts, which were in existence in pursuance of constitutional provisions.

A correct list of the jury which is to pass on the case of defendant, drawn by the jury commissioner and served on him two entire days before the trial of his case and before the jurors are summoned, is a full compliance with the law.

Under Act 44 of 1877 the district judge has the power to order the drawing of tales jurors by the jury commission. It is no objection to the order that it specified the cases for which they are drawn.

Act 69 of 1890 made no change in the autonomy of the district courts in the several parishes. The courts in the several parishes remained the same though differently distributed as to districts. All proceedings, rules or orders of court continued in force until changed, and the existing orders as to terms of court remained in full force.

Act 22 of 1892 does not affect the terms of court as fixed by Act 7 of 1880. This act is merely a reproduction literally of Act 7 of 1880, which made no change in the law, except the special provision made for the parish of Cameron.

APPEAL from the Nineteenth District Court, Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham*, Attorney General, and *M. J. Cunningham, Jr.*, for the State, Appellee, cited: 11 An. 81; 32 An. 34; 35 An. 28; 23 An. 326, 33 An. 310; Ib. 679; Ib. 1344; 35 An. 96; 36 An. 341; 38 An. 497; 39 An. 19.

*Edward Simon*, for Defendants and Appellants, cited: 16 An. 376; 30 An. 384; 1 Bi. 1228; Wharton on Ev. 662, 663; 1 Greenlief, 228.

The opinion of the court was delivered by

McENERY, J. The defendants were indicted and convicted for committing the crime of murder. They appealed from the verdict and sentence. They urge their defence in several bills of exceptions. In discussing the same we will not follow the order in which they are presented.

J. E. Mouton, judge of the district court, before whom the defendants were first tried, visited the defendant Michel in prison and interrogated him.

On the second trial, his successor in office presiding, he was placed on the witness stand. The objection was made by the defendants to his testimony that, being the judge before whom the defendant was to be tried, his presence in his official capacity in the prison intimidated the defendant, and his answers to the interrogatories were not free and voluntary. While we do not approve of the course pursued by the then district judge, we find no legal and valid reason

to set aside the verdict on this account. His testimony shows that he warned and cautioned the defendant, and that he conversed freely and voluntarily. The answers to the interrogatories are not important, and have only a remote, if any bearing on the case.

Objection was also made by defendants to the testimony of one Delia, a colored witness on behalf of the State, on grounds which go only to the effect of her testimony.

The object of the testimony was to identify the defendant Michel. Any fact or circumstance can be shown to identify the defendant. Because the fact sought to be proved is " remote from the issues involved" does not make it irrelevant, and incompetent evidence. It goes only to the effect of the evidence. There were three parties indicted for the murder. One was not arrested, and therefore not on trial. The two defendants were tried. The verdict was guilty and necessarily referred to them. The contention of defendants is that the verdict was null and void because it did not refer specifically to them. They were only on trial and the verdict could not refer to any other party charged in the indictment. It was not necessary that the jury in returning the verdict should refer to the defendants specifically, as the parties to be affected by it.

In reorganizing the judicial districts of the State, the defendants urge there was no enabling act conferring jurisdiction on the courts of cases pending in the old districts, and therefore the court had no jurisdiction to try defendant. There was no new court created in the parish of St. Martin. The court still remained as it existed before the reorganization or change of districts. It was and is the District Court of St. Martin, established by the Constitution of the State, and will remain so until that instrument is changed so as to affect that court. It had original jurisdiction of the case, and as the court remained intact, no enabling act was necessary to invest it with jurisdiction. Notwithstanding the change in the grouping of parishes in districts, the court still had the power to exercise the jurisdiction conferred upon it by the Constitution.

After the first trial the defendants applied for a change of venue. It was denied by the trial judge on the ground that the application was made too late.

The defendant has the right to apply for a change of venue either in chambers or in open court. The law requires him to make his application as soon as practicable after the discovery of the prejudice

existing against him. The defendants failed to exercise this diligence. They could have presented their application to the judge in chambers, whose duty it was to hear testimony on the application.

Several months elapsed before their application was filed in open court, at a term at which they ought to have been tried in the regular course of business of the court.

Complaint is also made by the defendants that the trial judge ordered tales jurors to be drawn to try the defendants, and that no list of the jurors as contemplated by the law was served on them. The judge ordered the jury commissioner to assemble and draw seventy-five tales jurors to serve on the trial of defendants. The jury was drawn, and on the same day that it was drawn the list of jurors was served on each of the defendants. The authority of the judge to order the drawing of the tales jurors is amply conferred by Act 44 of 1877. That he specified the particular cases in which they were to serve does not detract from the power conferred upon him to order that they should be drawn. They are to serve in the trial of criminal cases on trial before the court, and there is no reasonable objection that can be urged against his specifying the particular cases to be tried. They are tales jurors although regularly drawn from the box instead of being summoned instanter. When summoned in the latter manner they are called to serve in a particular case. The object of the statute in requiring a list of jurors to be served on the defendant is that he may have an opportunity of inquiring into the character and qualifications of the jurors who are to pass on his case and be able to prepare with intelligence and deliberation the challenges which he may wish to present. State vs. Howell, 3 An. 50.

There is no law requiring that the jurors shall be summoned before the list is served on the defendant. When the names are taken from the general venire box, they are designated as the jury which is to serve at the time for which they are drawn. The defendant must presume that they will be summoned and will be in attendance at the time for which they are summoned and on the day fixed for his trial. It has been held by the court in several cases that the defendant has no cause of complaint, when some of the jurors on the list served on him have not been summoned, or have been excused, or that some have been unintentionally omitted from the list. The summoning of the jurors is only a notification to him that he has been drawn and must appear. He may wilfully

disregard the summons and absent himself. But he is still a juror and may be attached and compelled to serve. The fact of the summons does not, therefore, have any relation whatever to his qualification as a juror, or his ability and capacity to serve. There was nothing incomplete in the drawing which the summons of the juror could complete. The list of jurors was, therefore, perfect and complete when the jury commission drew the names from the box and made the list, duly certified by the process verbal. The list of jurors was served on the defendant two entire days before the trial.

The last bill which we will discuss is intimately associated with that relating to the jurisdiction of the court.

The predecessor of the present trial judge, in pursuance of Act 7 of 1880, fixed the terms of the courts in his district. The present judge made no order fixing the terms of the courts in the district, but held court according to the terms as fixed by the judge under Act 7 of 1880. The case of the defendants was fixed for trial at a term of court as ordered by Judge Mouton, under Act 7 of 1880. The defendants objected, which was overruled and they took a bill of exceptions.

Article 117 of the Constitution says: "That until provided by law, the terms of the District Court in each parish shall be fixed by a rule of said court which shall not be changed without notice of publication at least thirty days prior to such change."

The Legislature has passed no act fixing directly the time at which the terms of court shall be held, except in the case of the parish of Cameron.

Act No. 7 of 1880, literally re-enacted in 1892, only gave effect to said article of the Constitution. The judge of each district still had the power and authority to fix the term of court in each parish, and the terms once having been fixed, they can not be changed except in the manner directed by said article.

The Act No. 69 of 1890 confines itself to a reorganization of the judicial districts into which the State is divided. It contains nothing indicating the slightest purpose to change or interrupt the autonomy of the District Courts in the several parishes. If such had been intended and new and distinct courts were created, provision would have been necessary for transfer of proceedings pending in the old, to the new court. But no such provision is made. The courts for the several parishes remained the same, though differ-

ently distributed as to districts. All proceedings, rules or orders of court continued in force until changed, and this fully applies to existing orders fixing the terms of court.

The case is not affected by Act 22 of 1892, which simply reproduces literally and continues in force Sec. 2 of Act 7 of 1880, making no change whatever except in the number of the district used in describing the parish of Cameron in the special provision in regard to that parish.

The existing orders fixing the terms of court in the parish of St. Martin remained in full force and effect until changed by new orders, and this exception is without merits.

Judgment affirmed.