The opinion of the court was delivered by
McEnery, J.
Willis and Jim Tolliver were indicted for wilfully and maliciously shooting J. J. Murphy.
Willis Tolliver alone was tried and convicted, the verdict returned being, “We, the jury, find the accused guilty as charged.”
Complaint is made to this verdict that it is vague and uncertain, and that it should have named Willis Tolliver as the accused against whom it was directed.
Willis Tolliver was the only one on trial, and there, could be no possible mistake as to .whom the verdict referred. It was, therefoi e, sufficiently definite and certain. State vs. Chambers, 45 An. 36.
A letter purporting to have been written and mailed to one Webb by the prosecuting witness was offered in evidence to impeach the testimony of the witness, Murphy. It was rejected, and to the ruling of the trial judge a bill was reserved.
From the statement of the trial judge it appears that the prosecuting witness denied having written the letter, and that he had authorized no one to write it for him, and that he knew nothing of it.
Webb, to whom the letter was addressed, said he found the letter at his house, and did not know who carried or delivered it there.
The fact that the prosecuting witness had written and forwarded the letter, or had authorized it to be written and forwarded, was not proven, and therefore the ruling of the trial judge was correct.
The postmark on the letter and the fact that the prosecutor sometimes received letters and mailed them at the place where the letter *1101 was posted is not sufficient to fasten the authorship of the letter on him.
Judgment affirmed.