[No. 1126, March 2, 1906.]

TERRITORY OF NEW MEXICO, Appellee, v. JAKE NEATHERLIN, Appellant.

SYLLABUS.

1. A judgment based on a finding of fact by a jury, will not ordinarily be reversed by this court on the ground that there was no evidence to support it, if there was any substantial evidence to sustain the finding.

2. A verdict of guilty "as charged" on an indictment for receiving, and aiding in the concealment of, stolen property, which contains an allegation of the value of the property, is a sufficient finding of value.

3. An indictment which charges the commission of several things forbidden, in the alternative, through the use of the word "or" by a statute, is established by proof of any one of them, although they are charged in a single count and the word "and" is used instead of "or."

4. Acts and declarations of one of several persons, in pursuance of a common design to commit a crime, are the acts and declarations of all, and are admissible in evidence

against the others engaged in the common enterprise, although conspiracy is not specifically charged; provided that its existence shall be established, as a fact.

5. A suggestion made to the jury by the prosecuting attorney in his argument, in reply to one similarly made by the attorney for the defendant, to the effect that in case the defendant should be convicted, they could unite with him and secure a pardon for a certain purpose, was improper, and was, on that ground withdrawn from the consideration of the jury by the court; but it was not, under those circumstances so clearly harmful to the defendant as to warrant a reversal of judgment by this court.

Appeal from the district court of Roosevelt county, before W. H. POPE, Associate Justice. Affirmed.

FREEMAN & CAMERON, and FULLEN, for appellant.

The rule is well settled that where the degree or grade of punishment depends upon the value of the property stolen or concealed, the value of said property must be properly proved on the trial of the case, and that the jury by their verdict must find what the value of the property really is.

Supporting this, see Bishop's New Criminal Procedure, volume 1, section 488 b, paragraph 2, under the head of "Value."

See also Sayers v. People, 8 Ill. 53; 23 Ency. Pl. & Pr. 874, note.

The same principle and the same rule applies to the crime of receiving and concealing stolen goods, for in both instances the punishment depends upon the statute which fixes the degree of the crime by the value of the property stolen or received.

Ray v. State, 48 Am. Dec. 385, (Iowa); Burrow v. State, 137 Ind. 474, 45 Am. St. Rep. 210; State v. Doepke, 68 Mo. 208; 30 Am. Rep. 785; Commonwealth v. Alexander McKenny, 9 Gray 114.

The verdict of a jury, unsupported by the slightest evidence is a nullity.

"The court will not disturb a verdict where it is

merely against the preponderance of the evidence; but where there is no evidence on a point essential to support a verdict, it is otherwise.

Commonwealth v. Lawless, 103 Mass. 432-433; Williams v. The People, 24 N. Y. 409 Archibeque v. Miera, 1 N. M. 160; Lynch v. Grayson, 7 N. M. 26; Rouhe v. Abreu, 1 N. M. 247; Gildersleeve v. Water and Improvement Co. 4 N. M. 318; Baca v. Fulton, 3 N. M. 352; Clark v. Gold Mining Co. 5 N. M. 323; Territory v. Webb, 2 N. M. 147; Territory v. Edie, 6 N. M. 555.

"A new trial will be granted where the evidence of one party is not sufficient to support the verdict, where there is no evidence to support it, or where the evidence is insufficient to establish a material fact. In such cases the evidence is reviewed in the same manner by both trial and appellant courts, as it is clear that the jury has disregarded the evidence or instructions."

14 Ency. Pl. & Pr. 782, and note, page 783, "No Evidence to Support Verdict," citing authorities from thirteen states."

"The verdict of a jury determines questions of fact at issue, and the federal supreme court cannot review such determination, or examine the testimony further than to see that there was sufficient evidence to justify the conclusions reached."

Carter v. Ruddy, 166 U. S. 498; Crossley v. O'Brien, 24 Ind. 325; 87 Am. Dec. 329; Keaggy v. Hite, 12 Ill. 99; Baker v. Pritchard, 16 Ill. 66.

To make applicable any one of the well established rules for the proof of the offense of conspiracy not only must the indictment set out the charge directly, but, further, it must be made with reasonable certainty, nothing must be left to inference or conjecture.

See 4th Enc. Pl. & Pr. 722; Commonwealth v. Hunt, et al., 45 Mass. 125.

"And where the conspiracy is insufficiently charged it cannot be aided by averments of acts done by one or

more of the conspirators in furtherance of the conspiracy."

> 4 Ency. Pl. & Pr. 723; Citing: Pettibone v. U. S., 148 U. S. 203; U. S. v. Button, 108 U. S. 199; 10 Ency. Pl. & Pr. 473.

It is, therefore, not competent for the prosecution to give evidence of facts tending to prove another distinct offense for the purpose of raising an inference that the prisoner has committed the offense in question."

> State v. Renton, 15 N. H. 174; Cited in State v. Lapage, 57 N. H. 245; 24 Am. Rep. 94.

"Nor can an indictment be supported by instructions submitting to the jury issues not raised by the pleadings."

> 10 Ency. Pl. & Pr. 476; State v. Hesseltine, 130 Mo. 474; Tooney v. State, 5 Texas App. 163; 11 Ency. Pl. & Pr. 167, note; 11 Ency. Pl. & Pr. 167.

After the conspiracy has come to an end, whether by success or by failure, the admissions of one conspirator by way of narrative of past facts are not admissible in evidence against the other."

> Logal et al. v. United States, 12 Sup. Ct. Rep. 632; 1 Greenleaf on Evidence, Sec. 111; 3 Greenleaf on Evidence, Sec. 94.

"And the acts and declarations must not be subsequent to the accomplishment of the common design, nor a mere narrative of past events, since in such cases they should be rejected."

> State v. Dean, 13 Ired. 63; Patton v. State, 6 Ohio, St. 457; State v. Thibeau, 30 Vt. 100; State v. Larkin, 49 N. H. 39; Gine v. Com. 91 Pa. St. 145; Davis v. State, 9 Texas, App. 363; Bedford v. Sanner, 40 Pa. St. 9; 80 Am. Dec. 545; State v. Duncan, 64 Mo. 262; Phillips v. St. 6 Texas App. 364.

"The rule being that the declarations of a conspirator are received against his fellows only when they are in themselves acts, or accompany and explain acts for which the others are responsible; but not when they are

Territory v. Neatherlin.

in the nature of narratives, descriptions, or subsequent confessions."

State v. Ross, 29 Mo. 32-50; Reid v. St., 20 Ga. 681; State v. Weaver, 57 Iowa 730; Rufer v. State, 25 Ohio St. 464-75; Clinton v. Estes, 20 Ark. 216.

"When a prosecuting attorney, in a criminal case, makes improper statements in his address to the jury, and the court seeks to correct them, the correction should be as broad as the error, and cover substantially the same ground. It should be clear and specific enough to repel the presumption of injury. Otherwise, the error is not cured."

People v. Fielding, 158 N. Y. 512; 70 Am. St. Rep. 504.

GEORGE W. PRICHARD, for appellee.

The value of the property alleged to have been received is charged in the indictment, and such an allegation is very common, but it is not essential, and not being essential, it is not necessary to prove value in an indictment for receiving or concealing stolen property.

People v. Fitzpatrick, 80 Calif. 539; People v. Rice, 73 Calif. 220; State v. Crawford, 39 S. C. 343; Wilburn v. Territory, 10 N. M. 407.

We appeal to the testimony in the record, and submit that it shows both phases of the offense, that of receiving and concealing the property charged in the indictment. The verdict of the jury will not be disturbed if there is any evidence to support it. They are the sole judges of the weight of the evidence and the credibility of the witnesses.

Territory v. O'Donnell, 4 N. M. 496; Kirchner v. Laughlin, 4 N. M. 386; Territory v. Lucero, 8 N. M. 543; Faulkner v. Territory, 6 N. M. 464.

Acts and declarations of one of several persons who have combined to commit a crime, if done or made in furtherance of the common design, and the crime is actually

committed, pursuant to such conspiracy, such acts and declarations are the acts and declarations of all.

> Spiess v. People, 121 Ill. 1; Am. Fur. Co. v. U. S. 2 Peters U. S. 358; Solander v. The People, 2 Colo. 65-66; People v. Geiger, 49 Calif. 643'; Smith v. State, 52 Ala. 407; Lawson v. State, 32 Ark. 220; State v. Windsor, 50 Ia. 157; Commonwealth v. Tivnon, 69 Am. Dec. 250; Sands v. The Commonwealth, 21 Gratton (Va.) 495-6; State v. Melrose, 98 Mo. 597.

### BRIEF ON MOTION FOR REHEARING.

An objection to the jurisdiction of the court is always in order. If a want of jurisdiction appears at any stage of the proceeding on the face of the record, it is the duty of the court *sponte sua* to take notice of it and reverse the judgment.

> Johnson v. Christian, 125 U. S. 643.

We use the *word* term as contradistinguished from the word *session*. The "term" of a court signifies a time during which a court may hold its session. The "session" of a court is the time during which it sits. The court may have many sessions during one term; but it can have but one term during one session.

> 28 Am. & Eng. Ency. of Law and note citing authorities.

"A court has power to set aside or modify its judgments in both civil and criminal cases during the term at which they were given."

> United States v. Hermisoon, 3 Sawy. 556; Doss v. Tack, 14 How. 297; Freeman on Judgments, Sec. 90; Per Clifford, J., in ex parte Lange, 18 Wall. 192; Ex parte Lange, 18 Wall. 167.

### OPINION OF THE COURT.

ABBOTT, J.—The essential facts are stated in the opinion.

The defendant was found guilty by a jury, in December, 1904, in the district court for Roosevelt county,

Territory v. Neatherlin.

on the second count of an indictment, charging that he, "unlawfully, feloniously and knowingly did buy, receive and aid in the concealment of two horses of the value of twenty dollars each of the goods and chattels and property of one Oscar Anderson," "the said Jake Neatherlin then and there well knowing the same to have been stolen." The first count of the indictment charged the defendant with the larceny of the same horses, and of that he was found not guilty.

The first error assigned by the appellant is that there is no evidence of the value of the property named in the indictment and therefore no legal finding of value. His contention is that section 1117, of the Compiled Laws of 1897, is repealed as to the penalty provided for by Section 1187, and that, as by the latter section the penalty is made to depend on the value of the property involved, its value must be found by the jury from the evidence. Whether the latter section repeals any part of the former, need not now be determined, since the second count of the indictment charges, at least, one act which is forbidden by section 1117, and is not referred to in Section 1187; namely, that of aiding in the concealment of stolen money, goods, or property, knowing the same to have been stolen, and it is that offence which the evidence in this case tends most strongly to establish. Fayette Beard, a cattle inspector, at Roswell, testified that he saw the defendant, with others, in charge of the lot of horses, which included the two named in the indictment, in the vicinity of Roswell; that he knew the defendant and said to him: "Where are you coming from with your horses?" To which he replied: "From Arizona." Such a statement, which was on all the evidence false, was unquestionably calculated to aid in the concealment of the horses, as well as to show the intention of the defendant, and if believed by the jury, was sufficient to warrant a finding that he did aid in the concealment, which this, with other evidence tended to prove.

The appellant claims, it is true, in his second assignment of error, that although section 1117 uses the

word "or" and so is in the alternative, as regards the buying, receiving and concealing of stolen property, which it makes criminal, yet, as the indictment uses the word "and" each of the three must be proved as an element of one crime. We do not so understand the law on that point. In Bishop's New Criminal Procedure (4th Ed.) Vol. 1, Sec. 436, the rule is thus stated: "Therefore the indictment on such a statute may allege in a single count as many of the forbidden things as the pleader chooses, employing the conjunction "and" where the statute has "or," and it will be established by proof of any one of them." "On the other hand," says the learned author, in Section 586: "The indictment may equally well charge what comes within a single one or more clauses, less than all of the statute, and still it embraces the complete proportions of the forbidden wrong." There can be no doubt that there was evidence sufficient to sustain a verdict of guilty, if the charge had been that of concealing stolen property, knowing it to have been stolen, alone, and, on the authority cited, the addition of other things forbidden by the statute, did not put the Territory to the proof of them.

It may, therefore, well be considered that no allegation, proof or finding of value was necessary, but even if the contrary be assumed, the value of the horses in question is alleged in the indictment to have been twenty dollars each, and the jury found the defendant guilty "as charged." Such a verdict is generally, although not universally, held to be a sufficient finding of value. Bishop's New Crim. Proc. Vol. 2, Sec. 764. There was to support the verdict the testimony of the witness West, that he agreed to pay "fifteen dollars around," for the lot of horses, including those in question. He had seen the horses, and the evidence indicated, although it does not expressly show that he was prepared to accept them as horses of the kind he had contracted for. There was considerable evidence bearing on the value of horses in this lot, as compared with that of horses in another lot described by the witnesses, and on the size and qualities of the two horses named, in the indictment, as favorably distinguishing them from the other horses in the lot for

which fifteen dollars around was to be paid. Gatling v. Newell, 9 Ind. 572; Faust v. Hosford, 119 Iowa, 98-104; Harrison et al., v. Glover et al., 72 N. Y. 451; Saddler v. State, 20 Texas Appeals, 195; Commonwealth v. McKenney, 9 Gray (Mass.) 114. There was substantial evidence to support the verdict, and this court will not therefore disturb it. Torlina v. Trorlicht, 5 N. M., 148, and cases cited. Candelaria v. Miera, decided at the present term of this court.

The third, fourth and sixth assignments of error relate to evidence admitted and instructions given, which left the jury at liberty to find that a criminal conspiracy existed between the defendant and others in relation to the subject matter of the indictment.

It is claimed, first, that unless the conspiracy is charged in the indictment, evidence of the acts and declarations of co-conspirators is inadmissible against a defendant. The weight of authority is to the effect that when a sufficient foundation is laid by the evidence to establish the existence of a conspiracy, the acts and declarations of co-conspirators in pursuance of the common purpose, are admissible, whether conspiracy is directly charged or not. Wigmore on Evidence, Sections 1079, 1797, Cyc. of Law and Proc. Vol. 16, p. 1025 and cases cited. In the case at bar, there was abundant evidence that the defendant was engaged with others in the common enterprise of collecting from ranges about eighty miles away and taking to Roswell, for sale to the witness West, a lot of horses, and that they, in fact got together and put first in one and then in another pasture three or four miles from Roswell, forty-seven horses, to be delivered to West. The jury must have found that some at least, of those horses were stolen, and that the defendant and presumably his associates, knew it, even if they were not themselves guilty of the larceny. The question whether a conspiracy had been established was left to the jury under proper instructions by the court, and they were told, that unless they found from the evidence that there was such a conspiracy, between the defendant and others, they should disregard the evidence to which these assignments of error relate.

It is urged in behalf of the appellant, that even if such evidence was admissible, no acts or declarations of a time subsequent to the completion of that for which the alleged conspiracy existed, which, it is assumed, was the larceny of the horses, were competent evidence. That is, doubtless, the law of the matter; but the object of the conspiracy was not accomplished with the larceny of the horses, nor, indeed, was it ever fully, or in the feature most essential to the alleged conspiracy, carried out; since they did not succeed in delivering the horsese and getting the money for them. The receiving and concealing, with which the defendant was charged, continued up to the time when the horses were taken from the possession of himself and his associates by the owner or the officers of the law.

Another error claimed is that the district attorney in his argument to the jury was permitted to discuss the possibility of a pardon for the defendant, in case of his conviction. It appears that the attorney for the defendant sought to persuade the jury to acquit his client, by assuring them that if he should be convicted, his testimony could not be used to convict the witness, West, who was under indictment in connection with the same matter. To that the district attorney replied that his testimony could be secured, if desired, through a pardon, and that the jury and himself could unite in obtaining one. Neither suggestion was a proper one for the consideration of the jury, although reference to the well known fact that there existed the power to pardon is not uncommon in trials, and it is difficult to perceive how the mention of anything so commonly known could be prejudicial; especially as part of what was said by the prosecuting attorney, on the subject, to which the defendant's attorneys especially objected, at the time, was withdrawn by the court from consideration by the jury.

Judgment affirmed.

William J. Mills, C. J., John R. McFie, A. J., Frank W. Parker, A. J., Edward A. Mann, A. J., concur.

Pope, A. J., having heard the case below did not participate in this decision.