139 So. 770

**STATE v. HOLMES.**

No. 31598.

Feb. 1, 1932.

John T. Hood, of Welch, and J. H. Heinen, of Jennings (Griffin T. Hawkins, of Lake Charles, of counsel), for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and Sam H. Jones, Asst. Dist. Atty., both of Lake Charles (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J.

Otis Holmes and Forest Gibson were jointly informed against for robbery. Gibson was never apprehended, therefore he was not arraigned or tried for the offense. Holmes alone was arrested, arraigned, and tried. His trial resulted in a verdict of guilty.

Defendant complains of the overruling of a motion for a new trial. This motion rests upon two grounds. One of the grounds is that the verdict of the jury is contrary to the law and the evidence. This, as we have frequently said, presents nothing for review in this court.

■ Defendant also complains of the refusal to grant him a new trial, applied for upon the ground that he was so thoroughly convinced that a verdict of not guilty would be returned on his trial that he did not procure the presence of thirteen witnesses, a majority, if not all, of whom he says he will procure on a second trial. He desires the new trial in order to use the evidence of these witnesses in support of the evidence of other witnesses, used upon the trial, to show that he was not present when the robbery was committed, but was in the state of Texas. In other words, he wishes to use their evidence in support of an alibi. If defendant thought that these witnesses could have strengthened his case, he should have availed himself of such facilities as he had to have had them present at the trial. The failure to have had them present, or to have made some effort to have had them present, was his error, and from no standpoint the court's. It was by defendant's election that they were not present, if procurable at all. Moreover, the evidence of these witnesses was merely cumulative. Besides, as appears from the record, all of them are residents of Texas, and therefore beyond the process of the court. Hence, had the court granted a new trial, it had no means of enforcing their attendance, and defendant would have been dependent upon their willingness to appear. Defendant has no cause to complain of the overruling of the motion.

■ Defendant urges in the motion that the counsel appointed to represent him, and who did represent him on the trial of the case, were never engaged in the practice of criminal law, but only in the practice of civil law. Defendant made no objection to the counsel appointed at any time until after trial. The trial judge informs us that they were not at a loss in presenting their client's case, and in defending him. We have no reason to rule that they were not fully competent to defend their client.

■ Defendant also complains of the overruling of a motion in arrest of judgment, based upon the ground that the verdict of the jury is such as to leave it uncertain as to whether he was the one convicted or whether it was his codefendant.

The verdict of the jury reads as follows: "We the jury find the defendant guilty as charged." While two defendants were informed against jointly, only one was on trial, and he, the defendant at bar. There is no uncertainty about the verdict. Such a verdict has reference exclusively to the person on trial. Within the bounds of reason, it could refer to no other. The jury were empaneled to try the defendant at the bar, and no other. He was there before them. It would be contrary to reason to infer that the jury, by the use of the word defendant, without mentioning his name, might have had the intention of ignoring the defendant on trial, and convicting the defendant, who was not on trial. State v. Chambers, 45 La. Ann. 36, 11 So. 944; State v. Tolliver, 47 La. Ann. 1099, 17 So. 502.

The verdict and the sentence appealed from are affirmed.