470 P.2d 561

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Clarence E. FARRIS, Defendant-Appellant.**

**No. 465.**

Court of Appeals of New Mexico.

May 22, 1970.

Frank Bachicha, Jr., Bachicha & Corlett, Santa Fe, for appellant.

James A. Malony, Atty. Gen., William J. Torrington, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Defendant was convicted of criminal abortion which resulted in the death of the woman. Section 40A–5–1, N.M.S.A. 1953 (Repl. Vol. 6). The amendment to this section, Laws 1969, ch. 67, § 1, is not applicable. The dispositive issue is the admissibility of a declaration made by the victim to her daughter.

The alleged abortion attempt occurred February 2, 1969 in Sierra County. During the last week of December, 1968, the victim, and her daugther, lived in Gallup, New Mexico. During this week the victim told her daughter she was pregnant. Also, during this week, the victim told her daughter: " '* * * I'm going to Truth or Consequences to see Earl Farris about having an abortion.' " Was the daughter's testimony as to this declaration admissible? The declaration was hearsay. See State v. Waggoner, 49 N.M. 399, 165 P.2d 122 (1946). Is the declaration admissible as an exception to the hearsay rule?

The only basis for admissibility presented for consideration is that the statement was admissible as the declaration of a co-conspirator. Territory v. Neatherlin, 13 N.M. 491, 85 P. 1044 (1906) states:

"* * * when a sufficient foundation is laid by the evidence to establish the existence of a conspiracy, the acts and declarations of co-conspirators in pursuance of the common purpose, are admissible, whether conspiracy is directly charged or not. * * *"

Thus, if the victim and defendant were co-conspirators, the victim's declaration in pursuance of the common purpose would be admissible against defendant. State v. Orfanakis, 22 N.M. 107, 159 P. 674 (1916).

**590**

■ The rule is applicable in abortion cases. 2 Anderson, Wharton's Criminal Evidence § 416 (12th ed. 1955), states:

"A woman on whom an abortion is attempted or performed may be viewed as a co-conspirator whose acts and declarations are admissible against anyone participating in the abortion or charged with the substantive crime."

Defendant asserts the rule is not applicable because there is nothing to indicate the victim's declaration was made during the existence of a conspiracy to commit a criminal abortion. He relies on the following from 2 Anderson, Wharton's Criminal Evidence, supra:

Section 426—"While the acts and declarations of one conspirator during the existence of a conspiracy are competent evidence against his co-conspirators, no act or declaration made before the inception of the conspiracy may be binding, or given in evidence against the co-conspirator on trial. * * *"

Section 428—"The acts and declarations of a conspirator to be admissible against his co-conspirator must occur during the existence of the conspiracy. The problem arising from this rule is one involving the duration of the conspiracy, and the determination of its beginning and end. As for the inception of a conspiracy, the question arises as to when the persons as a matter of fact began to act in pursuance of the common design. This is ordinarily not the subject of direct proof, and circumstances must be relied on to establish the fact. * * *"

State v. Orfanakis, supra, states that the declarations of a co-conspirator are admissible "* * * from the commencement to the consummation of the offense. * *" The quoted sections of *Wharton* state the New Mexico law; the declaration of the co-conspirator must occur during the existence of the conspiracy. See Bartlett v. United States, 166 F.2d 920 (10th Cir. 1948).

The admissibility of the victim's declaration depends on a question of fact. Was the declaration made before any conspiracy began, or during its existence?

■ The State claims: "* * * Certainly in the case at bar where the evidence clearly establishes the joint acts of the defendant and the deceased in the same room on the same afternoon to produce a crude abortion are the necessary facts that establish the existence of the conspiracy. * * *" We agree that the evidence indicates a conspiracy in existence on February 2, 1969. This evidence does not, however, indicate when the conspiracy began or that it was in existence at the time of the victim's declaration during the last week of December, 1968.

The State asserts: "* * * The deceased's statement in December is evidence of her intent and participation in the conspiracy with defendant. * * *" We agree that the declaration was evidence of the victim's intent. We do not agree that it is evidence of participation. The victim said she was going "'* * * to see * * about having an abortion.'" This language does not show a conspiracy in existence at the time of the statement. Further, 2 Anderson, Wharton's Criminal Evidence, supra, § 424 (Supp.1970), states:

"* * * The defendant's connection with the declarant, that is, his alleged participation in the conspiracy cannot be established by the extrajudicial statements of the declarant made in the absence of defendant. * * *"

State v. Deaton, 74 N.M. 87, 390 P.2d 966 (1964) states that a common design is the essence of a conspiracy and "* * * [a] mutually implied understanding is sufficient so far as combination or confederacy is concerned. * * *" Here, there is no evidence of a common design or a mutually implied understanding at the time of the victim's declaration. Admission of her declaration was error.

The cause is reversed and remanded for a new trial.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.