498 P.2d 694

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Louis Lee ROBINSON, Defendant-Appellant.**

**No. 872.**

Court of Appeals of New Mexico.

June 16, 1972.

Chester A. Hunker, Clovis, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

Defendant was convicted of conspiracy, § 40A–28–2, N.M.S.A.1953 (Repl.Vol. 6). His sole claim on appeal is that the trial court erred in admitting the testimony of his co-conspirators. We affirm the conviction.

The defendant's brother, Paul Robinson, testified that the defendant told him to endorse a check made out to Valeriano Rodriquez by signing that name on the back, which he did. Paul also testified that he wrote a note at the defendant's request. The evidence is that the note stated the bearer of the check was cashing it for Rodriquez, who was a relative. The defendant's nephew, Alex Robinson, testified that defendant asked him to cash this

check for him and promised to pay him for doing so. Alex testified that he tried to cash the check, but was unsuccessful.

 Defendant argues that he, Paul and Alex were co-conspirators, that the conspiracy had been abandoned before trial, and that statements of a conspirator made after abandonment of the conspiracy or after it has terminated without accomplishing its object are inadmissible as against a co-conspirator. Defendant states the rule correctly, State v. Fernandez, 37 N.M. 151, 19 P.2d 1048 (1933); Territory v. Neatherlin, 13 N.M. 491, 85 P. 1044 (1906). However, he misinterprets it. He claims that Paul's and Alex's testimony in court amounted to statements made after the conspiracy had terminated. Defendant's claim is unfounded. The statements referred to in the rule are those originally made among conspirators, and not the testimony given at trial about those statements.

A conspirator may testify at any time to acts done or statements made by a co-conspirator " * * * from the commencement to the consummation of the offense. * * *" State v. Orfanakis, 22 N.M. 107, 159 P. 674 (1916); State v. Farris, 81 N.M. 589, 470 P.2d 561 (Ct.App. 1970). " * * * [T]he declaration of the co-conspirator must occur during the existence of the conspiracy." State v. Farris, supra. " * * * [T]he acts and declarations of co-conspirators in pursuance of the common purpose, are admissible. * * *" Territory v. Neatherlin, supra; State v. Farris, supra. The testimony given by Paul and Alex at defendant's trial concerned only events occurring and statements made by defendant during the existence and in furtherance of the conspiracy. The admission of the co-conspirators' testimony was proper. State v. Deaton, 74 N.M. 87, 390 P.2d 966 (1964); State v. Henneman, 40 N.M. 166, 56 P.2d 1130 (1936).

Furthermore, defendant did not object to the admissibility of the testimony in question until the close of the state's case.

"Objections to testimony must be made when offered." State v. Shults, 43 N.M. 71, 85 P.2d 591 (1938).

The conviction appealed from is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.