This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**OSCAR REZA,**

Plaintiff-Appellant,

v.                                                        **NO. 33,399**

**THE GEO GROUP, INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Gerald E. Baca, District Judge**

Oscar Reza
Santa Rosa, NM

Pro se Appellant

Yenson, Allen & Wosick PC
Joseph B. Wosick
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**ZAMORA, Judge.**

**{1}** Plaintiff, appearing pro se, appeals from an order dismissing his civil rights complaint against prison officials for failure to state a claim upon which relief can be granted. [RP 77-78, 80, 85] In this Court's notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Plaintiff has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Plaintiff's arguments and therefore affirm.

**{2}** In his memorandum in opposition, Plaintiff continues to argue that the district court erred in dismissing his complaint. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Plaintiff's memorandum provides no legal arguments or facts that this Court has not already considered or that persuade this Court that its proposed summary disposition should not be made.

**{3}** We recognize that Plaintiff is appearing pro se and "we regard pleadings from pro se litigants with a tolerant eye, but a pro se litigant is not entitled to special privileges because of his pro se status." *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84; *see also Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (providing that pro se litigants are held to the same standards as litigants represented by counsel); *Birdo v. Rodriguez*, 1972-NMSC-062, ¶ 6, 84 N.M.

207, 501 P.2d 195 (recognizing that even where the plaintiff is pro se, his pleadings, "however inartfully expressed, must tell a story from which, looking to substance rather than form, the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred"). However, even considering Plaintiff's pleadings with a tolerant eye, Plaintiff has failed to demonstrate error on appeal.

{4}    To the extent that Plaintiff argues that this Court should take into consideration his limited legal resources in prison [MIO 2, 3], we have done so. Based on our review of the record, Plaintiff has not shown that his limited resources have actually hindered his efforts to pursue a legal claim. *See, e.g., Griffin v. Thomas*, 2004-NMCA-088, ¶ 62, 136 N.M. 129, 95 P.3d 1044 (recognizing that an inmate alleging that his constitutional access to the courts was violated by a prison law library access policy must show that the alleged shortcomings actually hindered efforts to pursue a legal claim).

{5}    Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{6}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**