[No. 1235, January 6, 1910.]

TERRITORY OF NEW MEXICO,.Appellee, v. ROBERT LESLIE, Sr., and ROBERT LESLIE, Jr., Appellants.

### SYLLABUS.

1. Evidence sufficient to establish that a crime had been committed.

2. Circumstantial evidence is competent to prove conspiracy from the very nature of the case and the rule which admits this class of evidence applies equally in civil and criminal cases.

3. Where it is evident that there is but one company of that name, there is no material variance between the indictments and the proofs where the former state merely the name of the company and the latter the name of the company inclusive of the place of business.

4. Admission of evidence that hogs were eating beef at ranch of defendants, part of the res gestae in case charging larceny of cattle.

5. The jury, although they are the judges of the creditability of the· witnesses who testify before them, have

Territory v. Leslie.

no right arbitrarily to disbelieve the evidence of any witness, unless they believe that such witness has knowingly and wilfully sworn falsely as to some material fact at issue in the case, in which event they are at liberty to disregard the whole of any part of the evidence of such witness, except such parts thereof as are corroborated by other evidence or by facts and circumstances in evidence which they believe to be true.

6. As a general rule, objections and exceptions to charges given or to the failure to instruct as requested must be taken at once when the charge is given and before the jury retire, or they will not be considered on appeal or on a motion for a new trial. A general exception on the entire charge of the court is deemed to be insufficient. Exceptions must be specific.

Appeal from the District Court for Otero County before EDWARD A. MANN, Associate Justice. Affirmed.

GATEWOOD & GRAVES, and JAMES DERDEN, for Appellants.

Statute defining larceny of cattle. C. L. 1897, sec. 79.

No evidence to establish fact that crime was committed. 8 Enc. of Ev. 86; 1 Wharton Cr. Law, sec. 745; 1 McClain Criminal Law, secs. 612, 616; Will's Circumstantial Evidence 345, 351, 352; 3 Greenleaf on Evidence, sec. 30.

Instructions must be based upon the evidence. State v. De Wolf, 74 Pac. 1084, 1087; Yoder v. Reynolds, 72 Pac. 417, 419; Murray v. Ry. Co., 3 N. M. 580.

The fact of a conspiracy cannot be proved by declarations made nor acts committed after the alleged conspiracy was formed; the conspiracy must be clearly established before any evidence is admissible. 1 Greenleaf Evidence, sec. 111; 12 Cyc. 442, note 26 and authorities there cited; 14 Cent. Dig., Title "Crim. Law," sec. 1012; 12 Cyc. 444; U. S. v. McKee, 26 Fed. Cases No. 15,686; see charge of Judge Dillon at page 1109; Ormsby v. People, 53 N. Y. 472.

The court should instruct the jury as to the law in clear and concise language and should not refer the jury to the indictment to ascertain the elements of the crime. Territory v. Baca, 11 N. M. 559.

To convict a defendant of larceny when the name of the party owning the property is set out in the indictment, it is necessary to prove, that the parties named in the indictment and none other owned the property. 1 Bish. New Cr. Pr., Sec. 488 *et seq.*; Ter. v. Ortiz, 8 N. M. 220; Ter. v. Caldwell, 98 Pac. 167; C. L. 1897, sec. 67; 1 Thomp. Com. on Corp., sec. 284; 21 A. & E. Enc. of Law 313.

Evidence must be confined to the issues in the case. 3 Rice on Evidence, secs. 39, 153; 1 Bishop New Crim. Proc., secs. 1120, 1124; People v. Sharp, 107 N. Y. 427; Territory v. Livingston, 13 N. M. 318; State v. Myers, 52 Am. Rep. 389, 82 Mo. 558.

The jury are the sole and exclusive judges of the credibility of the witnesses, the weight of the evidence and the facts proved. 3 Ency. of Evidence 753, 754; Heldt v. State, 20 Neb. 492; 30 N. W., 626; Ter. v. Lucero, 8 N. M. 543, at p. 549; Ayers v. Chisum, 3 N. M. 59, at p. 60; Ter. v. Faulkner, 6 N. M. 464; Ter. v. Edie, 6 N. M. 555, at p. 565; Tracy v. Town of Phelps, 22 Fed. 634; Joy v. Diefendorf, 130 N. Y. 6.

FRANK W. CLANCY, Attorney General, for Appellee.

Sufficient evidence to establish that a crime was committed. State v. Cardelli, 19 Nev. 319, 327; State v. Wilson, 76 N. C. 120.

The combination and agreement of the party to commit a felony can be proved by circumstances connected with the transaction which is the subject of the accusation. State v. Sterling, 34 Iowa, 446-7; Bloomer v. State, 48 Md. 330-1; Jones v. Baker, 7 Cow. 449; Mussel Slough Case, 6 Saw. 618; Martin v. State, 89 Ala. 117; People v. Arnold, 46 Mich. 277; U. S. v. Nunnemacher, 7 Biss. 122; U. S. v. Goldberg, 7 Biss. 181.

Proper exception not being taken in the court below the objection by the appellants is not before the court.

Territory v. Watson, 12 N. M. 422; Territory v. Meredith, 91 Pac. 732; Territory v. Yarberry, 2 N. M. 454; C. L. 1897, sec. 3139; Laws of 1907, ch. 57, secs. 37, 46..

The jury, although they are the judges of the credibility of the witnesses, have no right arbitrarily to disbelieve the testimony, unless where such witnesses have wilfully and knowingly sworn falsely to material facts in the case. Evans v. George, 80 Ill. 53; Mitchell v. Brewster, 28 Ill. 163; Crawford v. The State, 44 Ala. 385, 386; Jones v. State, 48 Ga. 164; Johnson v. State, 9 Tex. App. 558, 559; Owens v. State, 63 Miss. 452.

## OPINION OF THE COURT.

MILLS, C. J.—The defendants in this case together with one Elisha Leslie, were jointly indicted in the District Court of Lincoln County, charged with having committed the statutory crime of the larceny of six head of cattle of the property of El Capitan Land and Cattle Company of New Mexico. The defendants took a change of venue to the County of Otero. The Territory *nolled* the indictment as to Elisha Leslie, and on the second trial of the case the jury returned a verdict of guilty against the appellants herein, who after a motion for a new trial had been overruled, were sentenced to serve a term of imprisonment in the territorial penitentiary at Santa Fe, and thereupon appealed to this court.

In their brief counsel for appellants argue eight alleged errors, which we will now consider.

We think there is ample evidence in the record before us to establish the fact that a crime had been committed. The indictment charges that the defendants

**1** "did take, lead, drive away and kill," six head of neat cattle. The hides of these cattle were found on the Leslie ranch, the witness, Oswald, testifies to seeing them killed, and Robert Leslie, Sr., on page 181 of the transcript of record, admits that they killed certain cattle belonging to El Capitan Land and Cattle Company, claiming that they were authorized by the foreman of said company, one Pridemore, to kill certain cattle belonging to that company which were running wild in the mountains.

Pridemore denied that he gave them any such permission, which was one of the facts to be decided by the jury in arriving at their verdict. Further comment on this point seems to us to be unnecessary.

Appellants claim that the court committed error in submitting to the jury instruction No. 3, as to the law of conspiracy.

It has been decided by this court in the case of Territory v. Claypool, et al., 11 N. M. 568, that it is reversible error for a trial court to give an instruction as to conspiracy, unless there is evidence before the jury to warrant such instruction, and in the same case basing our opinion on Bishop's New Criminal Law, we have defined conspiracy to be "a confederating of two or more persons to accomplish some unlawful purpose, or a lawful purpose by some unlawful means." Bearing in mind the ruling of this court and the definition of conspiracy as above set out, we will proceed to examine the record to ascertain whether there is evidence which justified the court in giving this instruction.

The evidence discloses that the appellants together with Elisha Leslie, had on their ranch a slaughter house, to which they drove cattle and slaughtered them, and that they peddled the meat of the animals so slaughtered in the towns and placitas which were within reasonable distance, and a portion of the meat they fed to the hogs, of which they had a considerable number, confined in pens near their slaughter house. The transcript of record discloses that the defendants drove cattle to the slaughter house, some of which it is clearly proved belonged to El Capitan Land and Cattle Company, Robert Leslie, Sr., holding open the gate to the corral while the cattle were driven in; that from the corral they were driven into the slaughter house, where they were killed by shooting by one of the Leslie's, the others standing by and assisting. We are clearly of the opinion that this was "a confederating of two or more persons to accomplish some unlawful purpose," for the killing of cattle which did not belong to them, under section 79, Compiled Laws of 1897, is in this territory a felony, and, being a felony as both of

the appellants took part in it and assisted in gathering and driving the cattle up to and into the slaughter house, and then killing them, we think that the instruction complained of was very properly given. It does not take direct evidence to prove a conspiracy, but the same may be proved by circumstantial evidence and by facts and circumstances in evidence. "Circumstantial evidence is competent to prove conspiracy from the very nature of the case and the rule which admits this class of evidence applies equally in civil and criminal cases." 8 Cyc. 677.

Another alleged error relied upon by the appellants is that the court committed error in admitting the certificate of brand introduced by the Territory, in that the same showed a variance between the name set out in the indictment as the owner of the cattle, to-wit, El Capitan Land and Cattle Company of New Mexico, while the certificate of brand introduced in evidence was that of El Capitan Land and Cattle Company of Richardson, County of Lincoln, Territory of New Mexico.

It is true that there is a discrepancy in the name of the company set up in the indictment as being the owner of the cattle and that mentioned in the certificate of brand, in that the certificate has in it the words "Of Richardson, County of Lincoln, and Territory" which words are not in the indictment. There is no evidence before the court of there being any other corporation in New Mexico named El Capitan Land and Cattle Company, than the one which owned the cattle involved in this case. It seems to us that in any event the words in the certificate which are not in the indictment are unnecessary and are surplusage, setting out as they obviously do the place of business of the company which claims the cattle branded in the Block brand. In the case at bar it is not pretended that the cattle alleged to have been unlawfully killed were not the property of the owner alleged in the indictment. The witnesses Littleton, Scott and Byfield identify what is known as the Block brand, as the brand run by El Capitan Land and Cattle Company, described the brand and declared that the certificate represented the manner in

which the cattle of that company were branded, and the half hides found at the Leslie ranch are described as having on them the Block brand as shown by the certificate of the Cattle Sanitary Board.

To reverse this case on the ground of a variance between the proofs offered in evidence and the certificate of the Sanitary Board, as set out above, would be extremely technical, and we would hesitate to do so. We are not, however, compelled to do it, as the defendants themselves identify the cattle as the property of El Capitan Land and Cattle Co. Robert Leslie, Sr., testifies that his son Elisha killed Block cattle at his ranch by authority of Tom Pridemore, general manager of the Block Cattle Company, which was El Capitan Land and Cattle Co., (Record, pp. 179-181), and the younger Leslie testifies that Block cattle were killed by himself and brother by authority of the same person. (Record pp. 251-2).

We cannot see any reversible error in the action of the court in having admitted the certificate of the secretary of the Cattle Sanitary Board in evidence. It is evident that there was but one El Capitan Land and Cattle Co., and the certificate of the brand of the secretary of the Cattle Sanitary Board which contained the place of the business of the company, is not such a material variance between the indictments and the proofs, as would justify us in reversing this case.

We can see no error in admitting evidence as to hogs eating beef at the Leslie ranch.

The contention of the appellants is that the admission of this evidence had no tendency to show that the defendants were guilty of killing the cattle described in the indictment. If this was all of the evidence in the case we think that the appellants would be correct in their claim, but it was not. The witnesses only testified to this as a part of what they saw at the Leslie ranch. Testimony was given that many quarters of beef were piled up in the slaughter house, that many cattle were slaughtered, that beef was piled into a wagon and hauled off; that the half hides with the Block brand were found. The descrip-

Territory v. Leslie.

tion of the hogs eating beef which was thrown to them in their pens was but a portion of what the witnesses 4 saw, and was very properly admitted in evidence as a part of the *res gestae*.

Appellants claim that the court committed error in giving a part of instruction No. 12. The portion of the instruction to which they object reads as follows, to-wit: "Yet you have no right to reject the testimony of any witness without good reason and should not so do until you find it irreconcilable with other testimony which you find to be true."

The attorney general does not attempt to sustain the whole of that part of this instruction which is set out above, but he does contend that that portion of it is good which sets out that the jury "have no right to reject the testimony of any witness without good reason." We do not think that any valid reason can be given to dispute this claim of the attorney general. But the latter part of the instruction complained of, which sets out that the jury should not reject the testimony of any witness until they find it irreconcilable with other testimony which they find to be true, is in our opinion not a correct statement of the law. The rule is that the jury, although they are the judges of the credibility of the witnesses who testify 5 before them, have no right to arbitrarily disbelieve the evidence of any witness, unless they believe that such witness has knowingly and wilfully sworn falsely as to some material fact at issue in the case, in which event they are at liberty to disregard the whole or any part of the evidence of such witness, except such parts thereof as are corroborated by other evidence or by facts and circumstances in evidence which they believe to be true. In the case at bar, however, we do not believe that the instruction as given worked harm to either the appellants or the territory. We will not, however, pass upon whether the giving of this instruction is reversible error, for it is a well settled rule of law that if an instruction in a criminal case is thought by a defendant to be incorrect, objection must be taken to it at the time it is given, and the court asked to give the instruction which counsel for defend-

ant believes to be correct, and if the court does not correct the instruction an exception is taken, and it will then be considered on appeal. It is held to be the law in states where the rule prevails, as in this territory, that it is the duty of the court in criminal trials to instruct the jury upon all questions of law arising in the case which are necessary for their information, that if the defendant does not at the proper time call the court's attention to the omission in the charge, he must be regarded as having waived the same and will not be heard to complain, and as a general rule, objections and exceptions to charges given **6** or to the failure to instruct as requested must be taken at once when the charge is given and before the jury retire, they will not be considered on appeal or on a motion for a new trial unless this rule is complied with. A long list of authorities holding this to be the law are given in 12 Cyc. 666-667. Exceptions to the charge of the court must be specific. A general exception to the entire charge of the court is deemed to be insufficient. They should be specific, 12 Cyc. 668, and in the civil case of Beall v. Territory, 1 N. M. 507, this court held exceptions to instructions must be specific or the instructions will not be reviewed, and if excepted to as a whole, all must be affirmed if one is found correct. Appellants do not contend that all of the instructions given in this case were bad, nor indeed that all of instruction 12 is bad. The case is thus within the rule in the Beall case, which has been followed in Territory v. Alarid, decided at the last term and has the sanction of the federal Supreme Court. Cooper v. Schlesinger, 111 U. S. 148.

An examination of the record in this case discloses that no specific exceptions were taken to the charge of the court, nor was any error complained of asked to be corrected. At the end of the instruction 12 given by the court appear the words "Exceptions, Wharton and Lawson, attorneys for defendants." In view of the large number of cases cited in 12 Cyc. 668, note 14, and the decisions of this court, and the express law of the Territory, section 37 of chapter 57, of the Laws of 1907, we will not further consider the alleged error of the court in giving that

part of instruction No. 12, which is complained of.   Exceptions to instructions were not intended to give loop holes for defendants who are guilty to escape punishment, but were designed to enable counsel to point out possible errors made by the trial courts, so that they might be corrected, and a just and proper verdict returned by the jury.   Exceptions taken generally to the instructions of the court, as in the case at bar, point out nothing to and do not assist the court in correctly instructing the jury, but instead, if permitted, are a bar to the administration of justice, and reversals which rest upon such grounds tend to bring the administration of justice into disrepute.

We have carefully examined the other alleged errors, and see nothing in them to warrant the further attention of this court.   The instructions asked for which were not given, are covered by those given by the court.   The case seems to have been fairly tried and properly decided by the jury, and as there does not appear to be any reversible error in the case, the same is therefore affirmed, and it is so ordered.