THE STATE v. WALTER HOSKINS, *alias* WALTER PHILLIPS, Appellant.
—36 S. W. (2d) 909.

Division Two, March 25, 1931.

*S. P. Davisson* for appellant.

*Stratton Shartel,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

DAVIS, C.—In a verified information filed in the Circuit Court of Buchanan County by the prosecuting attorney, the defendant was charged with grand larceny. Tried to a jury, he was found guilty, and his punishment assessed at twelve years in the penitentiary. He appealed.

The facts are simple. They warrant, on the part of the State, the finding that, on February 7, 1930, in the city of St. Joseph, Buchanan County; Dr. Roger Moore, the owner of a Dodge Senior Six sedan automobile, about nine A. M. on said day, parked it on the street in proximity to the Missouri Methodist Hospital, which he then entered to practice his profession. On leaving the hospital around eleven A. M. on said day, he was unable to discover his automobile, as it had been driven away. In a day or two it was discovered parked on another street in St. Joseph. It had not only been driven a number of miles, but it had been stripped of spare wheels, tires and tire covers. These accessories and parts were found later on a lot on Third Street in the city of St. Joseph.

Defendant contends that his confession was the only evidence adduced tending to connect him with the larceny of Dr. Moore's automobile. While the exactness of this contention is doubtful, we will so treat it.

The evidence tends to show that defendant was arrested, relative to the theft of said automobile, by officers Hill and Farrell on February 15, 1930, and taken to the police station. He was then conducted to the office of the chief of detectives, where, upon interrogation by the police officers, he stated that he and one Stufflebean took an automobile belonging to Dr. Moore, parked near the Missouri Methodist Hospital, drove it away and stripped it of two wheels, including tires and tire covers, which they threw over a stone wall. Later they recovered the accessories and tried to sell them, but, becoming apprehensive, they threw and abandoned them on a lot on South Third Street. It seems that a man by the name of Farris was also implicated. At first defendant denied any connection with the theft, but thinking the other two had given information implicating him, he then admitted his connection therewith. On cross-examination and inquiry a State's witness, a police officer, said that defendant also admitted that he and Stufflebean had stolen a Ford car, stripped it and sold the parts, some of which were recovered on information furnished by defendant. The next day defendant was again interviewed by the police officers and the prosecuting

attorney, and he related the same story. The automobile, wheels and tires were recovered by the police on information given by defendant. The automobile was valued at $1800, and the wheels, tires and tire casings complete at $50 each. They found the keys to Dr. Moore's automobile in defendant's room, and defendant identified them. The keys unlocked the ignition and tire locks.

Defendant testified in his own behalf and admitted that he was sentenced to the Reform School in Kansas for burglary for ten years, but that he was paroled to his mother after a confinement of eighteen months. Defendant admitted that he told the police officers that he had stolen four cars, among them Dr. Moore's car, but he stated that his statement was false and that he did not steal the cars. The officers did not advise him of his rights under the law. Defendant said he was protecting Farris when he told the officers that he was the one that had stolen the cars.

The record shows that defendant filed a plea in abatement to the information filed against him on May 1, 1930, which plea averred, in substance, that the interrogation of defendant by the police officers and prosecuting attorney, after his arrest and while in custody, violated his constitutional rights, and that the admission in evidence of his confession, which alone tended to connect him with the theft of Dr. Moore's automobile, was unwarranted and illegal and deprived him of his constitutional rights. A demurrer was filed to this plea in abatement by the State and sustained. At the close of all the evidence, defendant was permitted to again renew his plea in abatement, praying for his discharge, which was overruled.

The record further shows that a felony complaint, charging defendant with the larceny, on February 7, 1930, of Dr. Moore's automobile, was filed before a justice of the peace in Buchanan County on February 13, 1930.

While defendant assigns six separate errors in his motion for a new trial, he seems to think it evident, as do we, that four of the assignments cannot be sustained because they lack merit. However, he presents and briefs two assignments of error: that the court erred, first, in refusing to sustain his plea in abatement; second, in permitting the chief of detectives and the two police officers to relate the statement or confession of defendant, the confession was illegally obtained, because his connection with the theft was shown only by the confession, and the confession was obtained while defendant was in custody of the officers and under arrest. That it follows that a confession made while under restraint is involuntary. These two assignments are correlated, and culminate in a third, that, with the deletion of the confession from consideration, the evidence was insufficient to sustain the verdict.

I. The great weight of authority throughout the land adheres to the rule that a voluntary confession or statement by the accused is admissible in evidence against him on the trial. By a voluntary confession is meant a confession not extorted by any threats or violence, or obtained by any direct or implied promises or inducements. In 16 Corpus Juris, page 717, paragraph 1468, it is said: "A confession of guilt is admissible against him when, and only when, it was freely and voluntarily made without having been induced by the expectation of any promised benefit nor by the fear of any threatened injury. This is the rule of the common law, affirmed by code or statute in some jurisdictions." [State v. Wilson, 223 Mo. 173, 122 S. W. 671.]

The evidence in the record does not contain even a conjecture or scintilla of evidence that defendant's confession was involuntary. It fails to show that defendant was under mental anguish of any kind or that he was "sweated." His testimony was that he admitted stealing the car to protect Farris. As the confession was voluntary, it was not inadmissible because accused was in custody or under arrest at the time (State v. Brooks, 220 Mo. 74, 119 S. W. 353), even though the arrest may have been under invalid process, or without any process or legal right. [State v. Raftery, 252 Mo. 72, 158 S. W. 585.] Nor is a free and voluntary confession of guilt to be excluded merely because the answers were elicited by questions put to defendant by police officers or others, even though the questions assumed the guilt of accused. [State v. Thomas, 250 Mo. 189, 1. c. 211, 157 S. W. 330.] If the confession was voluntary, the fact that the officer did not caution or warn the accused that it might be used against him does not render the confession inadmissible. [State v. Barrington, 198 Mo. 23, 1. c. 109, 95 S. W. 235.]

Defendant has cited for our consideration and relies upon State v. Naughton, 221 Mo. 398, 120 S. W. 53, and State v. Faulkner, 175 Mo. 546, 75 S. W. 116, to support his contentions. We need not analyze the cases further than to say that the facts involved the appearance of defendants therein before a grand jury pursuant to a subpoena. The distinction obtaining is that of voluntary and involuntary statements. In the case at bar, defendant freely and voluntarily made statements. In State v. Naughton and State v. Faulkner, supra, the defendants' statements were forced and involuntary, in that they were required upon oath to relate before a grand jury facts which were used against them later.

II. It is intimated that the record fails to develop proof of the *corpus delicti*. The *corpus delicti* or body of the crime in this case

was the larceny or taking of Dr. Moore's car without or against his consent. That was amply shown. Upon the record showing proof of the corpus delicti by evidence aliunde the confession, a defendant may be convicted upon his confession. [State v. Morro, 313 Mo. 98, 281 S. W. 720.]

III. We conclude that the trial court properly sustained the State's demurrer to the plea in abatement and properly admitted in evidence the testimony of the police officers as to the statements of guilt defendant made to them while in their custody. It follows from our conclusions that the State made a submissible case, thus rendering defendant's guilt a jury question.

The judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.