228 P.2d 957

**STATE v. CARO.**

**No. 5318.**

Supreme Court of New Mexico.

Dec. 27, 1950.

Rehearing Denied April 9, 1951.

J. D. Weir, Las Cruces, for appellant.

W. A. Sutherland, Las Cruces, for appellant on motion for rehearing.

Joseph L. Martinez, Atty. Gen., W. R. Kegel, Asst. Atty. Gen., for appellee.

SADLER, Justice.

The question for decision is whether an accused, in custody following arrest, must be warned he doesn't have to make a statement and that any statement made may be used against him to entitle such statement to admission in evidence at his trial.

The defendant was convicted in the district court of Dona Ana county of assault with intent to kill and sentenced to a term in the penitentiary. On this appeal he seeks to have us set aside his conviction and sentence because the trial court permitted the arresting officer, in whose custody the accused was at the time, to quote him as saying he shot the prosecuting witness "in revenge for what (he) Ramirez had done to his brother."

When the state first sought to have the officer testify to this statement by the defendant, the trial court sustained the objection of counsel for the defendant that it was inadmissible because the officer had not warned his prisoner he did not have to make a statement or that any statement made might be used against him. When the state rested the trial judge indicated his view that he had erred in this ruling. Thereupon, the district attorney asked leave to reopen the case for the purpose of putting the testimony in evidence. The motion for such leave was granted and the officer testified to the statement, as already shown. Counsel for defendant renewed his objection and it was overruled. But two errors are claimed, namely, (a) that the court abused its discretion in granting the state's request to reopen the case and, (b) that it erred in admitting the testimony by the officer as to the reason given by accused for shooting the prosecuting witness.

Considering these claims of error in the order mentioned, we notice first the contention that the trial court abused

its discretion in reopening the case to permit correction of a ruling, previously announced and believed to be erroneous, in excluding from evidence a statement to the arresting officer by defendant as to why he shot the prosecuting witness. If the trial judge became convinced his former action in excluding this tesitmony was erroneous, he not only had the right but it became a solemn duty as well to reopen the case, even if compelled to do so at his own instance, to insure a fair trial of the case before him. That the trial court has a broad discretion in the matter of reopening a case to permit the taking of additional testimony on behalf of either party is well settled. United States v. Folsom, 7 N.M. 532, 38 P. 70; State v. Hernandez, 36 N. M. 35, 7 P.2d 930.

■ We are unable to see in the trial court's action in this behalf any abuse of discretion. Counsel for the defendant denominates the action "highly prejudicial." We can agree the testimony given after the case was reopened was highly damaging but do not consider it prejudicial in the least, viewed as a predicate for a claim of error.

■ It is next argued with much earnestness that the testimony given by the officer when the case was reopened was inadmissible and highly prejudicial. The objection given at the trial was the failure of the officer to warn defendant that he didn't have to make any statement and was not informed of his constitutional rights. The trial court considered the objection was without merit and overruled it. This was to say, in effect, that a warning was unessential to admissibility of the testimony offered. We see no error. No warning was necessary. State v. Archuleta, 29 N. M. 25, 217 P. 619; Commonwealth v. Soaris, 275 Mass. 291, 175 N.E. 491; Lucas v. State, 26 Okl.Cr. 23, 221 P. 798; State v. Hoskins, 327 Mo. 313, 36 S.W.2d 909.

Finding no error, the judgment will be affirmed and

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.