390 P.2d 966

The STATE of New Mexico, Plaintiff-Appellee,

v.

Edward M. DEATON, Defendant-Appellant.

No. 7373.

Supreme Court of New Mexico.

March 30, 1964.

Hart & Brockman, Tucumcari, for appellant.

Earl E. Hartley, Atty. Gen., Boston E. Witt, Oliver E. Payne, Frank Bachicha, Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Chief Justice.

Edward M. Deaton was convicted by a jury of Quay County of conspiracy to commit armed robbery contrary to § 40–11–1, N.M.S.A., 1953, and sentenced to a term in the state penitentiary. From the judgment imposing sentence he appeals. The section reads:

"Any person or persons who shall knowingly combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars [$25.00], nor more than five thousand dollars [$5,-000], or imprisoned in the state prison not less than one [1] year nor more than fourteen [14] years, or both in the discretion of the court."

The questions presented here are (a) the sufficiency of the evidence to support the verdict, and (b) whether there was prejudicial error in permitting the state, after both sides had rested, to reopen the case for the purpose of recalling the appellant for further examination with respect to a prior conviction.

The appellant resided in Tucumcari, New Mexico. About midnight on July 11, 1962, at a roadside park, his brother-in-law, Joe Vigil, introduced him to Donald Irvin and Russell Hults who, together with two girls, were en route from Chicago to California,

but had arrived that day in Tucumcari without funds. Appellant invited Irvin, Hults, one of the girls and Joe Vigil to his house where they ate, drank and spent the night. The following day appellant furnished Irvin and Hults with liquor and rented a motel room for them and the girls. That evening, on two separate occasions, and using his own vehicle, he drove Irvin and Hults to the rear of a bowling alley a short distance from a liquor store and bar known as Alex's Lounge, let them out and then returned home alone. On the second occasion Irvin and Hults, using a sawed-off shotgun and blackjack robbed the owner of Alex's Lounge of about $40.00. Immediately thereafter Irvin and Hults returned to the appellant's home after which all three proceeded to the motel room, previously rented by appellant, where the money was being divided when the police drove up and the parties were apprehended and placed under arrest. Before a division of the money was completed, however, they were apprehended and placed under arrest.

The testimony of Irvin and Hults, who were brought from the state penitentiary where they were serving sentences for the armed robbery, was to the effect that on the first night at the appellant's house appellant knew that Irvin and Hults had in their possession a shotgun and blackjack; that there were conversations about robbery during which the appellant told Irvin and Hults about Alex's Lounge and that it should have about one or two hundred dollars in the cash register; that on the following day Irvin and Hults told appellant that they had decided to rob Alex's Lounge. However, there was no direct evidence that appellant knew on either occasion when he drove them to the rear of the bowling alley that Irvin and Hults had the gun and blackjack on their persons or that they intended to rob Alex's Lounge.

■ The gist of conspiracy under the statute is an agreement between two or more persons to commit a felony. But it is not necessary in order to establish a conspiracy to prove a formal agreement to accomplish the illegal act. The crime of conspiracy is rarely susceptible of proof by direct evidence. Nevertheless, it can be established by circumstantial evidence. Territory v. Leslie, 15 N.M. 240, 106 P. 378; State v. Fleming, S.C., 1963, 133 S.E.2d 800; Steffler v. State, 230 Ind. 557, 104 N.E. 2d 729; Young v. United States (CCA 10th Cir.), 168 F.2d 242.

■ While common design is the essence of a conspiracy, this fact may be established by evidence other than that the parties came together and actually agreed upon a method of operation for the accomplishment of the offense. Medina v. People, Colo.1963, 387 P.2d 733; People v. Hess, 104 Cal.App.2d 642, 234 P.2d 65; Lorenson v. Superior Court, 35 Cal.2d 49, 216 P.2d 859; 1 Wharton's Law & Procedure,

**90**

Conspiracy, § 83. A mutually implied understanding is sufficient so far as combination or confederacy is concerned, and the agreement is generally a matter of inference deduced from the facts and circumstances, and from the acts of the person accused done in pursuance of an apparent criminal purpose. Territory v. Leslie, supra; State v. Henneman, 40 N.M. 166, 56 P.2d 1130; Telman v. United States (CCA 10th Cir.), 67 F.2d 716; Oliver v. United States (CCA 10th Cir.), 121 F.2d 245; Colosacco v. United States (USCA 10th Cir.), 196 F.2d 165. Compare also Reigan v. People, 120 Colo. 472, 210 P.2d 991; State v. Biter, 49 Del. 503, 119 A.2d 894; 15 C.J.S. Conspiracy §.78b.

■ Viewing the evidence, as we must, in its most favorable aspect in support of the verdict, State v. Romero, 67 N.M. 82, 352 P.2d 781, we conclude that the evidence was sufficient to warrant the finding by the jury that the appellant not only had knowledge of the conspiracy but that he cooperated therein in such a manner as to become an essential part of it. The evidence being substantial, the verdict must be sustained, even though all the evidence is circumstantial. State v. Hernandez, 36 N.M. 35, 7 P.2d 930; State v. Holden, 45 N.M. 147, 113 P.2d 171; State v. Clements, 31 N.M. 620, 249 P. 1003; 24A C.J.S. Criminal Law § 1882.

■ The appellant's final point charges prejudicial error by the court in permitting the case to be reopened, after both sides had rested, for the purpose of allowing the state to further examine the appellant regarding a prior conviction. The prejudice asserted by the appellant is the isolation and emphasizing of repetitious testimony. While testifying in his own behalf, on direct examination, appellant voluntarily testified that he had previously been convicted of a felony. He stated the prior conviction had been for the giving of "hot checks." The case was reopened by the court solely to permit the state to identify the offense concerning which appellant had previously testified, that is, forgery rather than "hot checks." We fail to see any prejudice in this respect. A trial judge has a broad discretion in the matter of reopening a case to permit the taking of additional testimony on behalf of either party. State v. Caro, 55 N.M. 176, 228 P.2d 957; State v. Hernandez, supra. The matter was addressed to the sound discretion of the court, and it is clear there was no abuse of discretion.

Finding no error, the judgment of the court below is affirmed. It is so ordered.

CARMODY and MOISE, JJ., concur.