This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                           **No. A-1-CA-36322**

**DAVID J. MADRID,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant appeals his conviction for robbery. We issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has

filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Defendant has raised a single issue, challenging the sufficiency of the evidence. Because we previously set forth the relevant background information and principles of law in the notice of proposed summary disposition, we will not reiterate at length here. Instead, we will focus on the content of the memorandum in opposition.

{3} Defendant argues that his conviction should be reversed because the evidence was insufficient to prove his guilt beyond a reasonable doubt. [MIO 5] Specifically, he contends that the witness identification of him as the perpetrator, based on recognition of his voice and general appearance, was not reliable; Defendant suggests that his own admission to being present at the time and location of the robbery was not conclusive, because he might simply have been a bystander; and Defendant asserts that the circumstantial evidence, including the items recovered from his residence and the home of his accomplice, should not be regarded as compelling. [MIO 5-7] We disagree. A reasonable jury could readily have concluded that the State's evidence supplied ample evidence of Defendant's guilt. *See State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (emphasizing that "circumstantial evidence alone can amount to substantial evidence"); *State v. Deaton*, 1964-NMSC-062, ¶ 7, 74 N.M. 87, 390 P.2d 966 (indicating that where circumstantial evidence of a defendant's

participation in a robbery is substantial, a guilty verdict must be sustained). Although Defendant suggests what he characterizes as a hypothesis "equally consistent" with innocence [MIO 7], the jury was at liberty to conclude otherwise. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence."); *see generally State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198 ("When considering the sufficiency of the evidence, [an appellate court] does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence. Instead, [the reviewing courts] view the evidence as a whole and indulge all reasonable inferences in favor of the jury's verdict while at the same time asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" (internal quotation marks and citations omitted)).

{4}     Accordingly, for the reasons stated in this opinion and in the notice of proposed summary disposition, we affirm.

{5}     **IT IS SO ORDERED.**

3

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**STEPHEN G. FRENCH, Judge**