This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: July 2, 2020**

**No. S-1-SC-37285**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NIGEL JOHNSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina Jaramillo, District Judge**

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Marko David Hananel, Assistant Attorney General
Santa Fe, NM

for Appellee

### DECISION

**VIGIL, Justice.**

**{1}** Defendant Nigel Johnson was convicted of first-degree felony murder and conspiracy to commit robbery for his participation in a late-night beating and robbery that left one man dead. On direct appeal, Defendant argues that his convictions should be reversed because they were not supported by sufficient evidence and the jury was not properly instructed on the conspiracy charge. He further claims that he was punished in violation of the principles of double jeopardy.

## I.    BACKGROUND

**{2}**    The pertinent evidence at trial consisted of Defendant's statement to police, testimony from two eyewitnesses, Hope Romero Curry and Juan Castellano, Romero Curry's 9-1-1 call, and convenience store surveillance footage showing Defendant and his companions together near the time and place of the attack. The evidence tells the following story.

**{3}**    Shortly before 2 a.m., three young men left a convenience store and crossed the street where they encountered an older man on the sidewalk. One of the young men stood as lookout while first one, then another member of the group beat the older man by kicking and punching him. As the attack came to an end, one of the young men searched the victim's pockets and stole the victim's money before all three ran from the scene. The victim died of the injuries he sustained during the attack.

**{4}**    Romero Curry and Castellano witnessed the attack as they were driving past. Romero Curry called 9-1-1 while the young men fled. In that call, which was admitted into evidence at trial, Romero Curry described the offenders as three young men, one wearing a red and white shirt and one wearing a black shirt with a white shirt underneath, a black hat, jeans, and a black backpack. She was unable to describe the third man's clothing during the 9-1-1 call, but she testified at trial that he was also wearing black.

**{5}**    The surveillance video footage from the convenience store shows three men substantially matching Romero Curry's description of the attackers standing in line to make a purchase in the minutes before the attack. One of those men was identified as Defendant.

**{6}**    Defendant's statement to police corroborates much of the eyewitnesses' testimony. He told police that he was with two others at the convenience store around the time of the attack. Defendant said that after leaving the convenience store, the group found the victim lying on the ground unconscious. He explained that one of his companions searched the victim's pockets and stole his money, and then the three ran off when a woman starting yelling at them.

**{7}**    Based on this evidence, the jury convicted Defendant of first-degree felony murder, contrary to NMSA 1978, Section 30-2-1(A)(2) (1994); second-degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994); robbery, contrary to NMSA 1978, Section 30-16-2 (1973); and conspiracy to commit robbery, contrary to NMSA 1978, Sections 30-16-2, 30-28-2 (1979). The district court properly vacated Defendant's second-degree murder and robbery convictions on double jeopardy grounds. *See State v. Torrez*, 2013-NMSC-034, ¶ 15, 305 P.3d 944; *State v. Cooper*, 1997-NMSC-058, ¶¶ 53, 57, 124 N.M. 277, 949 P.2d 660.

**{8}**    Defendant was sentenced to life in prison and appeals his convictions directly to this Court pursuant to Article VI, Section 2 of the New Mexico Constitution and Rule 12-

102(A)(1) NMRA. Because the questions of law in this appeal are sufficiently answered by New Mexico precedent and substantial evidence disposes of the issues, we exercise our discretion under Rule 12-405(B)(1)-(2) NMRA to issue this non-precedential decision.

## II.   DISCUSSION

**{9}**   Defendant makes three arguments on appeal: (1) his convictions are not supported by sufficient evidence; (2) the jury was improperly instructed on the conspiracy charge, resulting in an implied acquittal of that offense; and (3) the principles of double jeopardy preclude his punishment for both felony murder and conspiracy. For the following reasons, we reject Defendant's arguments and affirm his convictions and sentences.

### A.   Sufficiency of the Evidence

**{10}**   Defendant asserts that the evidence at trial was insufficient to prove that (1) he was involved in the beating and robbery and (2) he and his companions had entered into a conspiracy. Our analysis for sufficiency of the evidence proceeds as follows:

> We review whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction. Evidence is viewed in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict. In particular, New Mexico appellate courts will not invade the jury's province as fact-finder by second guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury. So long as a rational jury *could* have found beyond a reasonable doubt the essential facts required for a conviction, we will not upset a jury's conclusions.

*State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (alterations, internal quotation marks, and citations omitted). We address each of Defendant's arguments in turn.

### 1.   Identity evidence

**{11}**   First, Defendant claims that the State's evidence failed to identify him as one of the young men seen attacking the victim on the night of the killing. He asks this Court to vacate the jury's determination that he participated in the attack because Romero Curry's description of the color of the perpetrators' clothing differed from Castellano's memory of their clothing. Defendant further asserts that the investigating officer in the case improperly focused on Defendant and his companions because one of the men appeared in the surveillance footage wearing a red shirt with white lettering, even though Romero Curry had described a man in a red shirt with black lettering.

**{12}** Defendant is mistaken; Romero Curry never testified that one of the men was wearing a red shirt with black lettering. In fact, she described a man wearing a red and white shirt in her 9-1-1 call. She specifically said that one man was wearing a red and white shirt and one man was wearing a black shirt with a white shirt underneath, a black hat, jeans, and a black backpack. At trial, Romero Curry added that the third man was wearing black. Castellano testified that he saw one man in red, one in black with a backpack, and one in white. All told, Defendant requests reversal of both convictions based on slight inconsistencies in the eyewitnesses' descriptions of the group's clothing.

**{13}** The State responds with a persuasive recitation of compelling evidence identifying Defendant as one of the attackers. The State notes that Defendant's own statements to police corroborate the eyewitnesses' testimony. Defendant said he was at the convenience store around the time of the attack, which is confirmed by the store's surveillance footage. According to Defendant, after leaving the convenience store, he and two others crossed the street where they came upon the victim. Defendant said that one of his companions searched the victim's pockets and took money from the victim before the three ran off after a lady yelled at them. This narrative corresponds with Romero Curry's testimony and statement to the 9-1-1 operator that she saw three young men cross the street from the convenience store, beat an older man to death, rob him, and run off when they saw her calling the police.

**{14}** The only material dispute between the accounts of the eyewitnesses and Defendant is whether the victim was already dead when the three men encountered him. Defendant claims the victim was lying unconscious on the ground when the group reached him. Romero Curry said that she watched first one, then two men beat the victim for several seconds before the victim fell to the ground.

**{15}** The jury was faced with this factual dispute and, in finding Defendant guilty, must have credited the eyewitnesses' accounts and the State's other evidence demonstrating that Defendant was present and participated in the attack. We will not "second-guess[] the jury's decision concerning the credibility of witnesses, reweigh[] the evidence, or substitut[e our] judgment for that of the jury." *Garcia*, 2011-NMSC-003, ¶ 5 (internal quotation marks and citation omitted). Defendant fails to establish that a rational jury could not have found that he was part of the group of young men who fatally attacked and robbed the victim. *See id.* For this reason, we will not reverse Defendant's convictions based on a lack of identity evidence. We turn now to Defendant's second argument alleging insufficient evidence to prove conspiracy.

## 2.    Evidence supporting the conspiracy conviction

**{16}** Defendant argues that the State failed to present sufficient evidence to support the finding of an agreement among Defendant and his companions to rob the victim. The jury was instructed to find Defendant guilty of conspiracy if it believed the State proved beyond a reasonable doubt that (1) "[D]efendant and another person by words

or acts agreed together to commit [a felony]" and (2) "[D]efendant and the other person intended to commit [that felony]."[1]

**{17}**   Conspiracy may be proved by circumstantial, inferential evidence. *State v. Gallegos*, 2011-NMSC-027, ¶ 26, 149 N.M. 704, 254 P.3d 655 ("A conspiracy may be established by circumstantial evidence. Generally the agreement is a matter of inference from the facts and circumstances." (internal quotation marks and citation omitted)). A conspiratorial agreement "may be shown to exist by acts which demonstrate that the alleged co-conspirator knew of and participated in the scheme." *Id.* (internal quotation marks and citation omitted).

**{18}**   In this case, the State presented circumstantial evidence which permitted the reasonable inference that Defendant and his companions were engaged in a conspiracy to rob the victim. The three young men left the convenience store together and crossed to the same side of the street as the victim. Romero Curry testified that she watched one member of the group immediately attack the victim while the other two stood farther away. According to Romero Curry, the young man standing farthest away seemed to be playing the role of lookout. Neither of the two onlookers attempted to stop the beating, and one ultimately joined the attack. According to Castellano, as one man reached into the victim's pockets, the others told him to "hurry up and let's go." Both eyewitnesses testified that all three men fled the scene together after the attack. "[I]ndulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," *Garcia*, 2011-NMSC-003, ¶ 5 (internal quotation marks and citation omitted), we conclude that this evidence was sufficient to support the jury's finding that Defendant had agreed with others to rob the victim.

## B.   Instructional Error

**{19}**   The conspiracy instruction given to the jury in this case erroneously omitted robbery as one of the possible intended felonies underlying the conspiracy charge. The jury was instructed to find conspiracy if it determined that Defendant and another "agreed together . . . [and] intended to commit second degree murder and/or voluntary manslaughter and/or first degree murder (felony murder)[.]" Defendant argues that the omission of robbery in this instruction resulted in an implied acquittal of the conspiracy charge, despite the jury's return of a special verdict specifically finding Defendant guilty of conspiracy to commit robbery as charged in the indictment.

**{20}**   This issue was not preserved because Defendant did not object to the faulty conspiracy instruction at trial. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). We review unpreserved arguments for fundamental error. *See State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. Defendant makes no attempt in his brief to

---

[1]The conspiracy instruction the jury received erroneously failed to list robbery as one of the possible felonies underlying the conspiracy. However, the jury was instructed on the elements of robbery and returned a special verdict specifically convicting Defendant of conspiracy to commit robbery as charged in Count Three of the indictment.

argue that the State's failure to include robbery in the conspiracy instruction resulted in fundamental error. We will not construct Defendant's arguments for him. Accordingly, we decline to review this issue. *See State v. Dickert*, 2012-NMCA-004, ¶ 35, 268 P.3d 515 (explaining that appellate courts need not review for fundamental error absent the party's development of that argument). We now turn to Defendant's argument that his convictions and sentences violate double jeopardy.

## C.    Double Jeopardy

**{21}**    Defendant alleges that his convictions of first-degree felony murder and conspiracy to commit robbery violate the principles of double jeopardy. Constitutional double jeopardy protections prohibit multiple punishments for the same offense. U.S. Const. amend. V ("No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb[.]"); N.M. Const. art. II, § 15 ("No person shall . . . be twice put in jeopardy for the same offense[.]"). Defendant argues that he has been punished twice for the same conduct of robbing the victim who then died. We reject Defendant's contention that his criminal conduct in violation of the statutes prohibiting first-degree felony murder and conspiracy to commit robbery was unitary.

**{22}**    Our first question in a multiple punishment double jeopardy analysis is "whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statutes." *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223. To determine whether conduct is unitary, we "look[] for an identifiable point at which one of the charged crimes had been completed and the other not yet committed." *State v. DeGraff*, 2006-NMSC-011, ¶ 27, 139 N.M. 211, 131 P.3d 61. A conspiracy is complete at the time of the agreement to commit a felony, *State v. Deaton*, 1964-NMSC-062, ¶ 5, 74 N.M. 87, 390 P.2d 966, while felony murder is complete when an offender commits second-degree murder during the commission of a felony. *State v. Frazier*, 2007-NMSC-032, ¶ 9, 142 N.M. 120, 164 P.3d 1; *see* § 30-2-1(B).

**{23}**    In this case, Defendant's conduct in violation of the statutes at issue was not unitary because the conspiracy was complete before the robbery underlying the felony-murder conviction began. An agreement to commit a crime must necessarily precede the commission of that crime. Because we conclude that his conduct was not unitary, Defendant's convictions and sentences do not violate the principles of double jeopardy.

## III.    CONCLUSION

**{24}**    For the reasons stated herein, we reject Defendant's arguments urging reversal of his convictions on the basis of insufficient evidence and instructional error, and we conclude that Defendant's punishment does not violate the principles of double jeopardy. Accordingly, we affirm Defendant's convictions and sentences.

**{25}    IT IS SO ORDERED.**

**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**